# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANGLIN,<br><br>    Plaintiff,<br><br>v.<br><br>ETHELE BARRON, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00974 AWI JLT<br><br>ORDER DENYING REQUEST TO STAY THE MATTER<br><br>(Doc. 14) |

Defendant, Jose Gonzales, has filed a request for the Court to stay the action and to set an "early evaluation conference." (Doc. 14) The request is filed on a California Judicial Council form which is based upon California Civil Code § 55.54.[1] Id.

The form offers no factual support for the stay request other than the box checked next to the statement that "A defendant has requested a meeting with plaintiff to jointly inspect the site that is the subject of the construction-related accessibility claim." (Doc. 14 at 4) This is insufficient under federal law.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-255 (1936). To evaluate whether to stay

---

[1] Notably, this section does not apply because the Court's subject matter jurisdiction has been invoked. Indeed, given the procedural nature of this section, even if the Court's diversity jurisdiction was invoked, § 55.54 would not apply.

1

an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) " the interests of the plaintiffs in proceeding expeditiously with this litigation;" and (5) "the convenience of the court in the management of its cases and the efficient use of judicial resources." Id.; Fed Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989).

The party seeking a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the Court's discretion. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

As noted above, the check-box form fails to address the relevant federal factors and the box that *is* checked fails to address any relevant factor the Court must address. Thus, the defendant has failed to demonstrate that a stay is justified. Thus, the request for the stay is **DENIED**.

IT IS SO ORDERED.

Dated: __September 15, 2017__     _____/s/ Jennifer L. Thurston__
                                                                              UNITED STATES MAGISTRATE JUDGE